FIRST NATIONAL BANK OF PHILMONT *vs.* JAMES GOLDMAN
*et al.*

MARCH 3, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This is a bill in equity brought against respondent Goldman, two banks and a safe deposit company to restrain the transfer of five stolen bonds and to obtain a surrender of said bonds to the complainant.

The cause was heard by a justice of the Superior Court who found that respondent Goldman was a *bona fide* holder for value and entered a decree dismissing the bill and the cause is before us on the complainant's appeal from said decree. The reasons assigned for the appeal are that the decree is against both the law and the evidence and that said justice erred in excluding certain evidence. The bonds were stolen from the custody of the complainant on March 22, 1922 and were purchased by respondent Goldman on May 9, 1922. The bonds were negotiable bonds of foreign countries and each bond was of the par value of $1,000. Goldman testified that he purchased the bonds in his office from a stranger who stated that his name was John Raoul and that he was sent to Goldman by Louis Widner. Goldman further testified that he had previously purchased Liberty Bonds from Louis Widner and that, on April 19, 1922, he

purchased from the same person two foreign bonds; that these two bonds were negotiated by Goldman and no defect in their title appeared, and that Widner stated that he was a fruit dealer in Westerly. Goldman testified that he paid $5,000 for the bonds in question and he produced a cancelled check for $5,000 which was payable to the order of John Raoul. Goldman also produced a cancelled check for $2,000, dated April 19, 1922, payable to the order of Louis Widner, in corroboration of Goldman's testimony that on said date he purchased bonds from said Widner. It may be taken as established beyond question that Goldman, on May 9, 1922, sold Liberty Bonds through a brokerage firm to obtain $5,000 to deposit in his bank for the purpose of paying the check for $5,000 to Raoul.

The bonds having been stolen the burden was upon Goldman to prove that he took them in good faith and for value and that at the time of purchase he had no notice of any defect in the title of the vendor. See Sections 62 and 65, Chapter 227, G. L. 1923. The price paid while slightly below the market quotation at the time was not grossly inadequate and as Goldman agreed to resell the bonds to Raoul at the end of sixty days for the same price as Goldman paid, less a certain interest charge, the transaction was in substance a loan of $5,000 on the security of these bonds. Goldman's testimony was corroborated in many of its details. Opposed to his testimony and that of witnesses produced by him there is very little except suspicion caused chiefly by the fact that neither Widner nor Raoul was known in Westerly. The testimony of Goldman and witnesses produced by him was, in the main, consistent and not unreasonable. The fact that it was found upon investigation that neither Raoul not Widner was known in Westerly is a suspicious circumstance but after a careful reading of the transcript we are unable to say that the finding of the trial justice was unwarranted.

At the trial in the Superior Court complainant's counsel, suspecting that Louis Weinstein, a witness appearing for

356

respondent Goldman, and Louis Widner, the person to whom the check for $2,000 for two bonds was payable, was one and the same person, caused Weinstein to write the name "Louis Widner" in order to compare his handwriting with the signature on the back of said check payable to Louis Widner. It appeared that said check was delivered by Goldman to the police department and was, without fault on his part, lost. The front and back of the check were photographed before it was lost but the photographic copy of the back of the check was not produced at the trial. A photographic copy of the front of the check was produced and adhering to the back of this copy was a photographic copy of the name "Louis Widner" in writing. It may be conjectured that someone cut said photographic copy from the photographic copy of the back of said check but there was no evidence to that effect and no evidence whatever to connect said copy of the name "Louis Widner" with said check payable to Louis Widner. The trial court ruled correctly in excluding the testimony of a handwriting expert that the person who wrote the original of said photographic copy of the name "Louis Widner" is the person who wrote the same name at the request of counsel.

The appeal is dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Cooney & Cooney, Walsh & Walsh, Declan W. Corcoran,* for complainant.

*William S. Flynn, Edmund W. Flynn, McGovern & Slattery* for respondent.